STATE, Plaintiff, v. KING, Defendant.

(252 N. W. 36.)

(File No. 7657.    Opinion filed January 11, 1934.)

*J. B. King,* pro se.

CAMPBELL, J.   In August, 1922, applicant, J. B. King, was engaged in serving a two-year sentence in the state penitentiary at Sioux Falls, S. D., which sentence had been imposed upon him by the circuit court of Bon Homme county, S.D., as a result of his conviction of the offence of grand larceny. On August 17th, King and other convicts escaped from the penitentiary, in the course of the escape making an attack with knives upon one Muchow, an officer of the penitentiary. King was recaptured on August 26th, and thereafter (with other of the escaping convicts) was tried in the circuit court of Minnehaha county, S. D., on a charge of assault with intent to kill by means of a deadly weapon (section 4051, Rev. Code 1919), the information in that case being in part as follows:

"That Joe Foreman, J. B. King and Joe Teel * * * did

commit the crime of Assault with the intent to kill, the same being a second offense under Section 3612 of the Revised Code of 1919 in this:

"* * * The said J. B. King had been theretofore duly and legally arrested, tried and convicted on the 24th day of March, 1921, in the County of Bon Homme, State of South Dakota, on the charge of Grand Larceny, and had been on said day duly sentenced to serve a term of two years in the state penitentiary at Sioux Falls, South Dakota. * * *

"And that thereafter and while each of said defendants were incarcerated in the said South Dakota state penitentiary and serving the sentences thereinbefore stated, and on the 17th day of August ,1922 * * * the said defendants and each of them, being then and there armed with dangerous weapons, namely knives' about six or eight inches long, did then and there unlawfully, wilfully and feloniously commit an assault and battery upon the person of Arthur Muchow by then and there forcibly striking, cutting, beating, bruising and wounding the said Arthur Muchow with the said knives aforesaid with the intent upon the part of the said defendants to kill and murder the said Arthur Muchow, and the said knives used as aforesaid being such as was likely to produce death, and the said defendants and each of them, did then and there and by said means commit the crime of assault with the intent to kill, contrary to the form of the Statute in such case made and provided. * * *"

King pleaded "not guilty" to said information and went to trial, counsel having been appointed in his behalf. The jury returned into court their oral verdict of "guilty as charged in the information." By section 4051, Rev. Code 1919, the punishment for the offense charged in the information was imprisonment in the state penitentiary not exceeding ten years. By section 3612, Rev. Code 1919, then in force, it was provided that every person who had been convicted of an offense punishable by imprisonment in the penitentiary and was thereafter convicted of an offense punishable upon first conviction by any term exceeding five years in the penitentiary should be punishable by imprisonment in the penitentiary "for a term not less than ten years." Pursuant to the terms of these statutes, the circuit court of Minnehaha county, S. D., after the jury had found King guilty of assault with intent

to kill, sentenced him on November 6, 1922, to imprisonment in the state penitentiary for the remainder of his natural life, which sentence he is now engaged in serving. King, having applied to the circuit court of Minnehaha county for a writ of habeas corpus, and his application having been denied, now makes such application to this court.

■ ■ Applicant complains that he had no preliminary examination on the charge of assault with intent to kill. The record seems to indicate otherwise, but, conceding that he had no such examination, the lack thereof would have been ground for motion to quash or set aside the information (section 4762, subd. 5, Rev. Code 1919), and the objection was waived by failure so to move (section 4763, Rev. Code 1919). Applicant complains that the 'jury did not, in fact, find him guilty as of a second offense and that words so indicating were subsequently and improperly written into the verdict by court officers. As indicated by the portion previously quoted, the information against King in the case of assault with intent to kill specifically charged that such assault was "a second offense under section 3612 of the Revised Code of 1919" and a verdict of "guilty as charged in the information" would doubtless imply a finding of second offense under such circumstances. In any event, however, so far as the actual fact is concerned, there is no possibility of question and the applicant himself concedes the fact by reciting in his application that he "did escape from the South Dakota state penitentiary in Minnehaha county on the 17th day of August, 1922," which statement is necessarily an admission that he had prior to that date been convicted of or pleaded guilty to an offense punishable by imprisonment in the state penitentiary.

■ ■ We have examined the application with care and find nothing set forth therein by which the applicant can benefit on habeas corpus. It is possible that there were procedural irregularities in connection with his conviction and sentence which might have been taken advantage of at the proper time (some ten years ago) by motion in arrest of judgment or motion for new trial and appeal, but there is nothing which can be availed of on habeas corpus to show that the applicant is now illegally detained. The causes which justify discharge by habeas corpus when an applicant is in custody by virtue of process from a legally constituted court are set forth in section 4980, Rev. Code 1919, which section spe-

cifically provides that habeas corpus shall not be employed to "inquire into the legality or justice of a judgment or decree of a court legally constituted." The applicant fails to bring himself within any of the causes specified by the statute as ground for discharge. He is confined by virtue of process, regular in form, issued out of a legally constituted court in a matter whereof it had jurisdiction. Legal cause for the length of sentence imposed appears from the fact that applicant was convicted by a jury of an offense punishable upon first conviction by a term exceeding five years in the penitentiary and at the time of such conviction, according to his own admissions, he had previously been convicted in this state of an offense punishable by imprisonment in the penitentiary. It is not the function of habeas corpus to correct irregular procedure. Nelson v. Foley, 54 S. D. 382, 223 N. W. 323.

A careful examination of everything submitted by the applicant convinces us that he has alleged no facts whatever (of course, we cannot regard as allegations of fact some of the extravagant and wholly unsupported recitals in the application, such, for instance, as the recital that "the preliminary hearing, arraignment, trial, conviction and sentence were obtained by fraud, bribery and false pretense, and the court knew of all these and the prosecuting attorney") by virtue of which he would be entitled to be discharged or in any other manner relieved upon habeas corpus. The application for the writ is therefore denied.

ROBERTS, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.