**UNITED STATES of America, Appellee,**

v.

**Horace Edward HOLLIS, Jr., Appellant.**

No. 82–2468.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1983.

Decided Oct. 5, 1983.

Certiorari Denied Feb. 21, 1984. See 104 S.Ct. 1309.

---

John D. Evans, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Edward L. Dowd, Jr., Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY and JOHN R. GIBSON, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

HEANEY, Circuit Judge.

Horace E. Hollis, Jr., appeals his conviction on a guilty plea for five counts of interstate transportation of forged securi-

ties in violation of 18 U.S.C. § 2314. Hollis contends the district court[1] abused its discretion in failing to reduce his sentence pursuant to Fed.R.Crim.P. 35 and in failing to disqualify the presiding judge. He further contends his guilty plea was involuntary because his attorney incorrectly predicted the length of his sentence and parole eligibility date. Finally, Hollis argues the district court erred in not ordering a hearing on his mental competency and in not allowing him to withdraw his guilty plea because of his alleged mental incompetence. We affirm.

A federal district court in Delaware indicted Hollis on June 1, 1979, on eleven counts of interstate transportation of forged securities. The case was transferred to the Eastern District of Missouri pursuant to Fed.R.Crim.P. 20. On June 5, 1979, Hollis pleaded guilty to five counts of the indictment; the government dismissed the other six counts pursuant to a plea agreement. On August 20, 1979, the court sentenced Hollis to five years imprisonment on each of the five counts, each term to run consecutively.

Hollis's attorney filed a notice of appeal on September 10, 1979. On January 14, 1981, this Court dismissed the case for failure to file the appeal within ten days under Fed.R.App.P. 4(b). *United States v. Hollis,* 647 F.2d 167 (8th Cir.1981). Hollis then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He argued in that motion that he was denied effective assistance of counsel due to his attorney's failure to file a timely appeal and to order an independent psychiatric examination. He further contended his guilty plea was involuntary. The district court denied the motion. On appeal, this Court held the attorney's failure to file a timely appeal amounted to ineffective assistance and remanded to the district court for resentencing so that a timely appeal could be taken. *Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 1228,

75 L.Ed.2d 462 (1982). The Court found no merit in Hollis's other contentions. *Id.* at 260.

Prior to his resentencing, Hollis filed a motion to withdraw his guilty plea and an affidavit of disqualification of Judge Wangelin. The district court denied both of these motions. On November 24, 1982, the district court again sentenced Hollis to five-year consecutive terms on each of the five counts, totalling a twenty-five year sentence. On the same day, Hollis filed a motion for reduction of sentence which was denied on December 1, 1982. Hollis then filed a timely appeal of his conviction and motions.

Hollis first contends the district court abused its discretion in denying his motion to reduce his sentence. He maintains the district court failed to consider his mental instability, the nonviolent nature of his offense, the small amount of money involved, and his exemplary prison conduct.

■■■ Although the twenty-five year sentence for the relatively minor property offenses charged in this case is a very long one, on the record before us, we do not believe the district court abused its discretion. A sentence within the statutory maximum which is "greatly excessive under traditional concepts of justice" or "manifestly disproportionate to the crime or criminal" is reviewable by federal appellate courts. *Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973) (en banc) (and cases cited therein). *Cf. Solem v. Helm,* —— U.S. ——, ——, 103 S.Ct. 3001, 3008, 77 L.Ed.2d 637 (1983) (disproportionate sentences may constitute cruel and unusual punishment in violation of the eighth amendment). This Court cannot, however, substitute its judgment for the discretion committed solely to the district court. *United States v. Losing,* 584 F.2d 289, 291 (8th Cir.1978).

■■■ The district court found that Hollis has committed crimes at almost every opportunity when not incarcerated. * *

---

1. The Honorable H. Kenneth Wangelin, United States District Court Judge for the Eastern District of Missouri.

[T]he court finds no reason to believe that defendant has been rehabilitated. Defendant's past criminal history, coupled with his disrespect for the judicial process, convinces the court that the sentence imposed of twenty-five (25) years was commensurate with the gravity of the crimes committed and incorrigibility of defendant.

*United States v. Hollis,* No. 79–70 CR (1) (E.D.Mo. Jan. 13, 1983).

After carefully reviewing the presentence report, the transcript of the sentencing hearing, and Hollis's psychiatric evaluation, we agree with the district court's characterization of Hollis's record and find that the court did not abuse its discretion in denying Hollis's motion to reduce his sentence.

■ Hollis's contention that Judge Wangelin abused his discretion in failing to disqualify himself from the resentencing phase of the case is also meritless. In order to disqualify a presiding judge, Hollis was required to show that the judge had a "personal bias" and "prejudice" against him that stemmed from an extrajudicial source and resulted in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *United States v. Clark,* 605 F.2d 939, 942 (5th Cir.1979). The judge need not disqualify himself simply because the case was remanded to him by the appellate court. *United States v. Harris,* 458 F.2d 670, 678 (5th Cir.), *cert. denied,* 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972). We find no support in the record for Hollis's allegations of Judge Wangelin's bias. Furthermore, Hollis has not suggested an extrajudicial source for this alleged bias.

Hollis makes two arguments concerning his alleged mental incompetence at the time the district court accepted his guilty plea. He contends the district court should have ordered an evidentiary hearing on his competency to plead guilty and that the court should have allowed him to withdraw his guilty plea on competency grounds. We do not agree.

The validity of these arguments depends on whether Hollis's mental competency was in question at the time he entered his plea. *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975); *Chavez v. United States,* 656 F.2d 512, 516 (9th Cir.1981) (a court should hold an evidentiary hearing if the evidence raises a sufficient doubt respecting the defendant's competency); *United States v. Masthers,* 539 F.2d 721, 726 (D.C.Cir.1976), citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937) (whether a defendant is competent to plead guilty depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused). We decided this underlying issue against Hollis in his first appeal to this Court.

■ In Hollis's first appeal, he claimed he was denied effective assistance of counsel because his attorney failed to order an independent psychiatric examination to determine Hollis's competency. In rejecting this claim, we noted: "Hollis cooperated with his attorney in the preparation of his case; had no previous psychiatric involvement; and elicited no signs of mental instability." *Hollis v. United States, supra,* 687 F.2d at 260. In addition, Judge Wangelin ordered a psychiatric report prepared on Hollis pursuant to 18 U.S.C. § 4244. The report concluded that Hollis was competent and of above average intelligence. Because the district court had reasonable grounds for concluding that Hollis was competent to plead guilty, it did not err in not ordering an evidentiary hearing and in denying Hollis's motion to withdraw his plea on this ground.

■ Finally, Hollis argues that the district court erred in not granting his motion to withdraw his guilty plea because his attorney incorrectly assured him that he would receive a shorter sentence than he in fact received. Hollis raised this same issue in his previous appeal to this Court. When his case was remanded, he moved for withdrawal of his guilty plea for a second time,

and now appeals the district court's second denial. In the previous case, we held:

> Both Hollis and his attorney testified at the habeas hearing that they expected the sentence to be more lenient. However, there was no evidence that any promises were made as to what the sentence would be. Hollis understood that the sentencing was entirely within the discretion of the trial judge; he stated at the sentencing hearing that no promises had been made as to the length of the sentence; and he was informed by the court of the maximum possible sentence. Under these circumstances, we cannot say that the trial court erred in determining that the plea was voluntarily made.

Hollis v. United States, supra, 687 F.2d at 260.

We see no reason to disturb this holding.

Accordingly, the judgment of the district court is affirmed.