**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard C. WILLIAMSON, Defendant and Appellant.**

No. 14088.

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1983.

Decided Nov. 23, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas E. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

This appeal arises from appellant Richard Williamson's (Williamson) convictions for passing a no-account check and for being a habitual offender based upon eight prior felony convictions. We affirm.

On December 3, 1982, a jury found Williamson guilty of passing a check against a nonexistent account and subsequently on December 10, 1982, of being a habitual offender. Judge Tapken sentenced Williamson to thirty years in the South Dakota State Penitentiary and Williamson appeals. On this appeal, Williamson contends (1) he should be sentenced under SDCL 22-7-7 rather than SDCL 22-7-8; (2) there is insufficient evidence to sustain his conviction; and (3) the thirty-year sentence constitutes excessive punishment.

Initially, Williamson argues that because Part II of the information specifically designated his offense as violative of SDCL 22-7-7 [1] (one or two prior felony convictions) and not SDCL 22-7-8 [2] (three or more prior felony convictions), that the

---

1. SDCL 22-7-7 provides:
   When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether it is a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense. For the purpose of this section, if the principal felony is not classified it shall be enhanced to the class which has an equal maximum imprisonment. For the purposes of this section, if the maximum imprisonment for the principal felony falls between two classifications, the principal felony shall be enhanced to the class which has the less severe maximum authorized imprisonment.

2. SDCL 22-7-8 provides:
   When a defendant has been convicted of at least three prior felony convictions in addition to the principal felony, the sentence for the principal felony shall be enhanced to the sentence for a Class 1 felony.

court must sentence him under SDCL 22–7–7. The information states, in pertinent part:

Michael J. Whalen, as prosecuting attorney in the name of and by the authority of the State of South Dakota, upon his oath informs this Court, that Richard C. Williamson is a Habitual Offender, as that term is defined by SDCL 22–7–7, in that Richard C. Williamson has on prior occasions been convicted of felonies being as follows: [and enumerates nine separate prior offenses.]

The court sentenced Williamson under SDCL 22–7–8.

SDCL 22–7–11 requires that Part II of the habitual information "must state the *times, places* and *specific crimes* alleged to be prior convictions and must be signed by the prosecutor." (Emphasis added.) Although an information on the principal charge is required to cite the statute which a defendant is alleged to have violated, SDCL 23A–6–4, there is no comparable requirement for a habitual offender information, SDCL 22–7–11. Consequently, even though the habitual information here does not cite to SDCL 22–7–8, that is not a requirement of the statute. As we read the information, the reference to SDCL 22–7–7 refers only to the definition of a habitual offender, which is contained in that section, and not reiterated in SDCL 22–7–8. The number of offenses is clearly set out in the information as being far in excess of three.

Moreover, even though the information here was not required to cite SDCL 22–7–8, Williamson was still aware of the "maximum possible punishment." *State v. Alexander*, 313 N.W.2d 33, 37 (S.D.1981). *See People v. Dixon*, 103 Mich.App. 518, 303 N.W.2d 32 (1981). Here, the supplemental information charged Williamson with nine prior felonies. This should have given Williamson notice that the State was proceeding under the three prior felony convictions rule, SDCL 22–7–8, rather than the two prior felony convictions rule, SDCL 22–7–7. Moreover, the trial court twice advised Williamson that he could possibly receive a life

sentence under the three prior felony convictions rule. For example, at the arraignment, the following colloquy occurred:

THE COURT: Of course, you should understand there's been a Part II Information filed which is a habitual criminal act; do you understand that?

MR. WILLIAMSON: Yes, sir.

THE COURT: And as I understand that, this is more than three prior felonies.

MR. DE GEEST: That's correct, Your Honor.

THE COURT: So it enhances the felony to a Class I felony whereby you could be sentenced to the maximum of life imprisonment in the State Penitentiary; do you understand that, Mr. Williamson?

MR. WILLIAMSON: Yes, sir.

Since, here, the information complied with SDCL 22–7–11 and, further, without question, Williamson was aware that he faced a maximum of life imprisonment under the three prior felony convictions rule, we affirm the trial court's sentencing Williamson under SDCL 22–7–8.

The second issue raised by Williamson is whether the evidence is sufficient to sustain his conviction. The standard for determining the sufficiency of evidence to sustain a verdict is

whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt. In making this determination, this court will accept that evidence and the most favorable inferences that can fairly be drawn therefrom which will support the verdict.

*State v. Lien*, 305 N.W.2d 388, 389 (S.D. 1981) (citation omitted).

Below, Williamson produced two witnesses who testified that on the day on which the no-account check of $29.98 was passed at Bomgaars Supply Store (Bomgaars) in Wagner, South Dakota, Williamson was in Veblen, South Dakota. Veblen is two hundred sixty-seven miles from Wagner, South Dakota. The State, however, produced the manager of Bomgaars who testified that Williamson had entered the store at closing

time that day, that he had personally waited on Williamson for ten to fifteen minutes, and that there was "no doubt" but that Williamson was the individual who passed the no-account check.

The jury below listened to defendant's witnesses and the State's witness and disbelieved the alibi witnesses and found Williamson guilty. The record is clearly sufficient to support their verdict.

The last issue raised by Williamson is whether the sentence of thirty years constitutes unconstitutionally excessive punishment. Recently, the United States Supreme Court provided guidelines to determine the proportionality of a sentence. *Solem v. Helm*, — U.S. —, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

We have long held that we do not review sentences that fall within the maximum range set by the legislature which has the authority to define criminal acts and to set sentences for violations thereof. *State v. Carsten*, 264 N.W.2d 707 (S.D.1978); *State v. Robinson*, 87 S.D. 375, 209 N.W.2d 374 (1973); *State v. Williams*, 84 S.D. 547, 173 N.W.2d 889 (1970).

The recent United States Supreme Court decision of *Solem v. Helm, supra,* has instructed us that, as one of two states that has a provision for life sentence without parole for recidivism, we must consider the proportionality of the sentence *when a life sentence without parole is imposed.*

In *State v. Weiker*, 342 N.W.2d 7 (S.D. 1983), we pointed out that while the recidivist provision mandates raising a three or more time offender to Class 1 felony, subject to a maximum of life sentence without parole, the trial judge still has the sentencing authority to impose a lesser sentence. In this case, the trial judge clearly set a lesser sentence so we do not consider that *Solem v. Helm, supra,* is controlling in this case. Clearly, Williamson has a right to good time and a right to parole without executive clemency.

Considering that the jury below found that Williamson had been convicted of eight prior felonies, a thirty-year sentence which allows for the possibility of parole in seventeen years does not constitute cruel and unusual punishment.

We affirm.

All the Justices concur.