a third person on a charge arising out of another accident is likewise inadmissible. We agree with the trial court, however, that Mrs. Venekamp's response was invited by plaintiff's counsel in pursuing his line of inquiry. Consequently, plaintiff cannot complain of this testimony. *See State v. Smith,* 325 N.W.2d 304 (S.D.1982); *Drier v. Perfection, Inc.,* 259 N.W.2d 496 (S.D. 1977).

 Although Exhibit K should not have been admitted, it was merely cumulative to the testimony invited by plaintiff's counsel and therefore nonprejudicial. *See Alberts v. Mutual Service Casualty Ins. Co.,* 80 S.D. 303, 123 N.W.2d 96 (1963). In addition, the jury was instructed that Mrs. Venekamp's acquittal of criminal charges was not determinative of defendant's civil liability and was further instructed regarding the higher degree of proof required in criminal as opposed to civil cases.

The judgment is affirmed.

All the Justices concur.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Wayne F. Gilbert of Lehnert & Gilbert, Rapid City, for defendant and appellant.

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Charles DILLON, Defendant and Appellant.**

**No. 14189.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1983.

Decided May 29, 1984.

PER CURIAM.

Appellant was originally charged with twelve counts of sexual contact with a minor, SDCL 22–22–7. In a plea bargain, seven counts from two other counties were dismissed and appellant pleaded guilty to five remaining counts. He was sentenced to five consecutive five-year terms in the state penitentiary.* We affirm.

Appellant contends that the maximum penalties on each of five counts are disproportionate to the offenses and violate the United States Constitution, eighth amendment, and the South Dakota Constitution, article VI, section 23.

---

\* The maximum penalty at the time of appellant's offenses, which all occurred prior to July 1, 1982, was five years imprisonment and/or a $5,000.00 fine. SDCL 22–6–1(7), 1981 S.D.Sess. Laws ch. 176. The offense has since been re- classified from a class 5 felony to a class 4 felony, which carries a penalty of ten years imprisonment and/or a $10,000.00 fine. SDCL 22–6–1(6), 1982 S.D.Sess.Laws ch. 176, § 2.

We have interpreted the United States Supreme Court decision in *Solem v. Helm,* — U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), as instructing us that "we must consider the proportionality of the sentence *when a life sentence without parole is imposed.*" (emphasis in original) *State v. Williamson,* 342 N.W.2d 15, 18 (S.D.1983). Because appellant's consecutive five-year sentences were within the statutory limits and do not shock the conscience of the court, we will not review them on appeal. *State v. Phipps,* 318 N.W.2d 128 (S.D. 1982); *State v. Antelope,* 304 N.W.2d 115 (S.D.1981).

The judgment of conviction and the sentences entered thereon are affirmed.

---

**In the Matter of the Petition of Gene A. CHAMLEY for Readmission to the Practice of Law.**

**No. 14421.**

Supreme Court of South Dakota.

May 29, 1984.

Gene A. Chamley, pro se.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for the Bd. of Bar Examiners.

PER CURIAM.

This case involves the petition of Gene A. Chamley for readmission to the practice of law in South Dakota.

The events leading up to this petition began back on September 18, 1975, when Chamley, a practicing attorney in South Dakota since 1970, wrote a letter to the State Bar Association of South Dakota stating that he was resigning from the Bar. At the same time he tore up his certificate to practice law and sent parts of it to various individuals, including one identifiable portion to the Chief Justice of the South Dakota Supreme Court. This was at a time when there was an outstanding complaint against him before the State Bar alleging among other things that he had advised a client to disobey a lawful order of the circuit court.