**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William H. JANSSEN, Defendant and Appellant.**

**No. 14724.**

Supreme Court of South Dakota.

Considered on Briefs May 22, 1985.

Decided July 17, 1985.

John W. Bastian, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Ronald E. Brodowicz, Rapid City, for defendant and appellant.

WUEST, Acting Justice.

William H. Janssen (appellant) appeals from a judgment and conviction of driving while under the influence (DWI) of an alcoholic beverage, in violation of SDCL 32–23–1, and having one prior conviction for DWI within the preceding five years, in violation of SDCL 32–23–3. We affirm.

On the night of February 3, 1984, State Trooper Patrick Fahey (Fahey) responded to a radio call informing him that an automobile was observed driving erratically on Interstate 90, approximately fourteen miles west of Kadoka, in Jackson County, South Dakota. Fahey testified that, when he spotted the vehicle, it was weaving badly onto the shoulder of the road and across the center line. Further, Fahey stated that through the use of a radar gun and the speedometer of his patrol car, he found that the speed of the vehicle in question varied from thirty-five to sixty miles per hour. Upon stopping the vehicle, Fahey observed appellant seated in the driver's position; a pint bottle of vodka with a broken seal was lying next to him.

Fahey stated that appellant staggered and stumbled to the patrol car and appeared to be intoxicated. While in the patrol car, appellant could not recite the alphabet or count backward at Fahey's request. Once outside the patrol car, appellant attempted to perform the Rhomberg manuever, but lost his balance and fell onto the patrol car. Fahey testified that, at that point, he did not believe there was any need for further sobriety tests because appellant failed them all so severely. Based upon Fahey's observation of appellant's erratic driving, manner of walking, slurred speech, and the odor of alcohol on appellant's breath, Fahey opined that appellant was "definitely drunk." Fahey subsequently arrested appellant for DWI.

After appellant's arrest, he was taken to the Jackson County Sheriff's Office where a videotape of the arrest and booking procedure was made. Prior to trial, appellant made a motion to prohibit the introduction of the audio portion of the tape. The trial court ruled on appellant's motion in chambers, stating that it had viewed the videotape and would allow the jury to view the first two minutes and forty-three seconds of the video and audio portion of the tape. Appellant contends that the trial court denied him his due process rights to a fair trial and adequate assistance of counsel by excluding the remainder of the tape. We disagree.

On appeal, appellant argues that the trial court excluded material and exculpatory evidence by refusing to show the jury the tape in its entirety. Prior to trial, however, appellant moved the court to prohibit the State from introducing in its case-in-chief or in rebuttal only the audio portion of the tape. No other motion was offered by appellant regarding the tape. Nonetheless, in appellant's brief, it is claimed that

"[a]ppellant *renewed* his request to have the video tape shown in its entirety at the time the State offered the video tape into evidence[.]" (Emphasis added.) This is totally wrong for, as stated supra, appellant's motion prior to trial requested exclusion of only the audio portion of the tape. Moreover, when the State offered the tape into evidence, appellant did not in fact ask that the entire tape be shown. Appellant stated: "Your Honor we would like the jury to be able to see the entire videotape, although I do agree that the audio portion should not be allowed into evidence." Clearly, no twist of superficial sophistry could turn this declaration into a "renewed" request to present the videotape in its entirety, and while we are inclined to dismiss this issue for failure to preserve the objection on appeal, we believe an affirmance of this issue rests on more solid ground.

The trial court's determination as to the admissibility of the videotape is set out in the appeal transcript, wherein the court states:

The court has viewed the videotape and will allow the video and audio on the tape to be played for the first two minutes and forty-three seconds or thereabouts. About two forty-five. The officer tells the defendant that he is going to read the implied consent law and that cannot be played to the jury, the audio portion. If the state wants to play the first two minutes and forty-three seconds, if defense counsel just wants to turn the audio off and leave the video on, it's the ruling of the court that just the first two minutes and forty-three seconds of the video and audio will be played and the machine will be shut off. It's too difficult to explain to the jury why the audio isn't played and I think it might become obvious to them that there were some things said that shouldn't have been said even though the defendant wants to have it played, I am not going to allow it to be played.

SDCL 19–12–3 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In *State v. Houghton*, 272 N.W.2d 788, 791 (S.D.1978) (footnotes omitted), this court addressed the standard of admissibility set out in SDCL 19–12–3, stating:

The question of balancing the probative value against the risk of unfair prejudice and the other Rule 403 considerations is one for the trial judge to resolve in the sound exercise of discretion. With regard to our review of the exercise of that discretion, we must determine whether there has been an abuse of discretion.

*See also State v. Wedemann*, 339 N.W.2d 112 (S.D.1983); *State v. Dace*, 333 N.W.2d 812 (S.D.1983); *State v. Cochrun*, 328 N.W.2d 271 (S.D.1983); *State v. McNamara*, 325 N.W.2d 288 (S.D.1982).

It is obvious from the record that the trial court viewed the videotape and determined that portions of it would be substantially more prejudicial than probative, and we cannot say that the court abused its discretion in this determination. Accordingly, we affirm the trial court on this issue.

Appellant's next contention is that the trial court committed reversible error in considering a prior conviction when sentencing appellant for DWI, second offense. At the sentencing hearing in the instant case, appellant stipulated that he is the same William H. Janssen who appeared in Jones County on June 3, 1982, and was sentenced after pleading guilty to DWI. Appellant now claims that there was no preliminary hearing in the matter and, therefore, the conviction is void and cannot be used to upgrade the current DWI conviction to a second offense.

 The record shows that the prior conviction was based on a valid information. In *Honomichl v. State*, 333 N.W.2d 797, 798 (S.D.1983), we stated that "[w]ithout a formal and sufficient indictment or information, a court does not acquire sub-

ject matter jurisdiction and thus an accused may not be punished for a crime." Conversely, a valid and sufficient information confers subject matter jurisdiction upon the court. In *State v. King*, 62 S.D. 184, 252 N.W. 36 (1934), we held that the lack of a preliminary hearing on a charge of assault with intent to kill constituted a basis for a motion to quash the information and the objection was waived by failure to so move. Thus, the information was valid and the court acquired subject matter jurisdiction over the case. Here, as in *King*, appellant's complaint of lack of a preliminary hearing in the 1982 DWI conviction is nonjurisdictional.

■ This court has stated that a plea of guilty, "if voluntarily and understandably made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all nonjurisdictional defects in the prior proceedings[.]" *State ex rel. Condon v. Erickson*, 85 S.D. 302, 307, 182 N.W.2d 304, 306–07 (1970); *see also State v. Jordan*, 261 N.W.2d 126 (S.D.1978). It follows that appellant waived his right to a preliminary hearing in the prior case through his guilty plea and failure to move to quash the information. Accordingly, we affirm on this issue.

■ Finally, appellant argues that the trial court abused its discretion in sentencing him because the sentence given was more severe than sentences given similar offenders and because the trial court did not consider appellant's rehabilitation. We find this argument of little merit. Appellant's sentence, which included a three hundred dollar fine, suspension of appellant's driving privileges for one year, two weeks in jail, and thirty days of inpatient alcohol treatment, was well within statutory limits. Absent a sentence which is so excessive in duration that it shocks the conscience of the court, it is well settled in South Dakota that a sentence within statutory limits is not reviewable on appeal. *State v. Curtis*, 298 N.W.2d 807 (S.D.1980); *see also State v. Phipps*, 318 N.W.2d 128 (S.D.1982); *State v. Padgett*, 291 N.W.2d 796 (S.D. 1980); *State v. Helm*, 287 N.W.2d 497 (S.D.

1980). Under the circumstances of this case, the sentence given can hardly be said to "shock the conscience of the court."

The judgment is affirmed.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Although I concur in the result of this case, I am antipathetic to the antiquated, languishing recitation of sentencing citations. It would appear, as one reads the conclusion pertaining to the last issue, that time has apparently stood still in South Dakota concerning criminal sentencing— that we are still living in those days when trial court judgments are virtually unassailable.

Should we consider *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)? Could we ponder upon the fact that the sentence in *State v. Helm*, 287 N.W.2d 497 (S.D.1980), was rendered unconstitutional? Can we pause and meditate about the modification of *State v. Williamson*, 342 N.W.2d 15 (S.D.1983), and *State v. Dillon*, 349 N.W.2d 55 (S.D.1984), accomplished in *State v. Weiker*, 366 N.W.2d 823 (S.D.1985)? Would it not serve our academic pursuit, in learning of the refinements of the sentencing process, to consider *State v. Big Head*, 363 N.W.2d 556, 565 (S.D.1985), and this author's special concurrence therein crying out that we cannot observe the law of *State v. Helm*, 287 N.W.2d 497, when that case has been overruled by the United States Supreme Court? I cannot and will not reach back into the old statutory limit/sentencing cases of this Court to justify a sentence. *Solem, Helm, Weiker*, and *Hollis, infra*, are an apocalypse of the future. The old argument "it is within the statutory limits so it is not reviewable" will no longer survive federal scrutiny. *See United States v. Hollis*, 718 F.2d 277 (8th Cir.1983), *cert. denied*, — U.S. ——, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984), where that Court held:

A sentence within the statutory maximum which is "greatly excessive under traditional concepts of justice" or "manifestly disproportionate to the crime or criminal" is reviewable by federal appellate courts.... This Court cannot, however, substitute its judgment for the discretion committed solely to the district court.

*Id.*, 718 F.2d at 279 (citations omitted). Therefore, as the Assistant Attorneys General of this state continue to mechanically advocate that "it is well within the statutory limits—so the sentence is okay," I shall steadfastly maintain that such advocacy is old hat. We simply must recognize that the law on sentencing has changed.

One day in a prison could be disproportional punishment. *Solem v. Helm*, 103 S.Ct. at 3007–08. This exacerbates my belief that we Americans value our freedom highly. It is well that we do so. For, perhaps, if we cling to that value, the next generation might drink from its cup. In *Solem v. Helm*, 103 S.Ct. at 3009–10, the United States Supreme Court held:

> In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional. As the Court noted in *Robinson v. California*, [370 U.S. 660, 667, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758, 763 (1962)], a single day in prison may be unconstitutional in some circumstances. (Footnote omitted.)

In *Solem v. Helm*, 103 S.Ct. at 3009 n. 16, the highest Court of this land expressed "rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits." Therefore, I have the temerity to observe that it is not the statutory limits, in isolation, which should be the determining factor but, rather, whether the sentence is within constitutional limits.

Appellant's brief, page 15, maintains the sentence was disproportionate "when one looks at the circumstances of the crime and Appellant's previous 50 years of lawful conduct." Appellant then urges that he received a sentence "more harsh than other individuals who have pled guilty to a charge of driving while intoxicated." The first contention is an Eighth Amendment argument and the latter pertains to Equal Protection.

There are no statistics, criteria, history of cases, studies, or court records from which this Court could make an intelligent appellate review either as to (a) proportionality or disproportionality under the Eighth Amendment, or (b) encumbering a sentence more heavily because a defendant has exercised his constitutional right to a trial by jury in violation of the Equal Protection Clause. *Hess v. United States*, 496 F.2d 936 (8th Cir.1974). Hence, we are precluded by inadequate record to probe these contentions fully.

With certainty, the record does disclose two DWI convictions within a period of one year and eight months. A 90-day jail sentence—with 60 days suspended—and a further proviso that two weeks thereof must be served in jail with a balance of 30 days in alcohol treatment—is within constitutional limits.

Baffled are some jurists, scholars, and lawyers by the constitutional principle of proportionality. Oh, that it would, like a nagging toothache, go away! It will not. In 1215, three chapters of the Magna Carta were devoted to the rule that "amercements" could not be excessive. In 1892, in *O'Neil v. Vermont*, 144 U.S. 323, 339–40, 12 S.Ct. 693, 699–700, 36 L.Ed. 450, 458 (1892), Mr. Justice Field dissenting, noted that the Eighth Amendment "is directed ... against all punishments which by their excessive length or severity are greatly disproportioned to the offenses charged." So the concept is deeply rooted in our English/American jurisprudence. It deserves

due deference on the Plains and whereof, thusly, do I write.