**UNITED STATES of America, Appellee,**

v.

**Loran Michael SPARS, Appellant.**

No. 87–5134.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 31, 1987.

Decided June 6, 1988.

Rehearing Denied July 14, 1988.

See also, D.C., 657 F.Supp. 730.

Mark D. Nyvold, Minneapolis, Minn., for appellant.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

Loran Michael Spars appeals from a final judgment entered in the District Court [1] for the District of Minnesota imposing sentence following Spars's plea of guilty to one count of equity skimming in violation of 12 U.S.C. § 1709–2, and one count of making false statements to a federal agency in violation of 18 U.S.C. § 1010. The district court sentenced Spars to a term of three years for equity skimming and a consecutive term of one year and one day for making false statements; imposed a $50 special assessment; and ordered Spars to pay $500,000 in restitution to the government under the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. §§ 3579, 3580.[2]

For reversal, Spars argues that the district court erred in (1) ordering restitution to the government for a non–Title 18 offense; (2) sentencing him based on misapprehension about his likelihood of future discharge of the restitution obligation and

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

2. Title 18 U.S.C. § 3579(a)(1) provides:
The court, when sentencing a defendant convicted of an offense under this Title or under subsection (h), (i), (j) or (n) of § 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1471), may order, in addition to or in lieu of any

other penalty authorized by law, that the defendant make restitution to any victim of the offense.
Title 18 U.S.C. § 3579(b)(1) provides:
"The order may require that such defendant ... in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense."

his ability to pay; and (3) imposing an unduly severe sentence disproportionate to the sentences of his co-defendants. For the reasons discussed below, we affirm the district court's judgment.

The facts are undisputed. Spars was a licensed real estate broker who conducted business in the Minneapolis–St. Paul, Minnesota, metropolitan area. From June 1980 to December 1985 Spars purchased more than 100 family dwellings subject to federally insured mortgages in the name of at least ten different companies. After purchasing a residence, Spars would fail to make payments under the mortgage as they became due and would instead apply the rents generated from the dwellings to his own use. Default on the mortgages would occur within one year after the purchase of a dwelling. Spars would continue to collect rent from tenants throughout the foreclosure period until the holder of the mortgage evicted the tenants. The FBI estimated that the total cost to government agencies equaled approximately $2,500,000.

On August 7, 1986, a federal grand jury returned two indictments, charging Spars along with others with multiple counts of mail fraud and making false statements to the federal housing agency, in violation of 18 U.S.C. §§ 1341, 1010, respectively, and one count of equity skimming in violation of 12 U.S.C. § 1709-2. Spars pled not guilty at his arraignment on August 15, 1986.

On November 19, 1986, pursuant to a plea agreement with the government, Spars changed his plea to guilty on the equity skimming count and on one of the false statements counts. The plea agreement provided that the remaining counts would be dismissed, but that restitution would be left to the district court for losses attributed to all counts, including the dismissed counts. On March 3, 1987, the district court sentenced Spars to consecutive terms of three years for the equity skimming count and one year and a day for the false statements count, imposed a $50 special assessment, and ordered restitution in the amount of $500,000 to the government.

Spars first challenges the legality of the district court ordering the $500,000 restitution to the government under the VWPA. Spars argues that under the VWPA restitution can be imposed only for violations of Title 18. Spars specifically argues that because the government's losses in the present case were directly caused by the equity skimming was a Title 12 offense, the restitution order based on a non–Title 18 offense constitutes an illegal sentence.

■ Relying on *United States v. Kail,* 804 F.2d 441, 449 (8th Cir.1986), the government argues that restitution under the VWPA requires only that the victim must have suffered a loss as a result of the offenses charged. The government contends the dismissed mail fraud counts under 18 U.S.C. § 1341 embraced the equity skimming offense. These actions thereby provided the causal link between the charged Title 12 offense of equity skimming and the suffered loss. Furthermore, the government argues Spars was convicted of a Title 18 offense, making a false statement under 18 U.S.C. § 1010, which could properly form the basis of the restitution ordered. We agree with this last argument.

In interpreting the VWPA, this court has held "the VWPA requires the victim must have suffered loss as a result of the offense charged." *United States v. Kail,* 804 F.2d at 449; *see also United States v. Durham,* 755 F.2d 511, 513 (6th Cir.1985); *United States v. Missouri Valley Construction Co.,* 741 F.2d 1542, 1546 n. 6 (8th Cir.1984). Here the district court did not specify that the order of restitution applied to either the equity skimming or false statement count. Under the facts of this case, the false statement count is factually related to the equity scheme and thus causally related to the loss. The record before the district court was that the total loss was between $1.3 million and $2.5 million. The district court's order of $500,000 restitution is significantly less and could reasonably reflect that part of the loss caused by Spars's scheme after January 1, 1983, the date the VWPA took effect. We further conclude that Spars's related conten-

tion that the district court ordered the restitution under the misapprehension that it could be discharged upon his release from custody and proof of indigency is meritless.

Spars also challenges his sentence of four years and one day of imprisonment. He argues the sentence is disproportionate compared with the sentences of his co-defendants who received terms ranging from probation to four-to-six months. Spars argues this disproportionality constitutes a gross abuse of discretion on the part of the district court. We reject Spars's disproportionality argument.

 Disparity of sentences among co-defendants does not in itself constitute an abuse of discretion. *E.g., Castaldi v. United States,* 783 F.2d 119, 123–25 (8th Cir. 1986). Additionally, this court recognizes that "wide discretion and prerogative must be accorded the [district] court in making a sentencing determination." *Orner v. United States,* 578 F.2d 1276, 1278 (8th Cir. 1978); *see also United States v. Walker,* 817 F.2d 461, 464–65 (8th Cir.1987); *United States v. Wilson,* 787 F.2d 375, 384 (8th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 223, 93 L.Ed.2d 151 (1986); *United States v. Hollis,* 718 F.2d 277, 279 (8th Cir.), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). Although Spars attempts to minimize his role in the fraudulent operation, it is beyond dispute that Spars played a central role in the equity skimming scheme. Based on the record there is no basis to support a finding of an abuse of discretion on the part of the district court in sentencing Spars to a total of four years and one day imprisonment.

Accordingly, the judgment of the district court is affirmed.