HARPER, Respondent, v. RUNDLETT, Appellant.

(210 N. W. 744.)

(File No. 5754.   Opinion filed November 15, 1926.)

1.   **Jury.**

Burden of showing irregularity in selection of jury is on party objecting to panel by motion to quash.

2.   **Jury.**

Mere statement, as ground of motion to quash panel, that there were irregularities, would not justify court in presuming that official duties were not properly performed.

**3.  Jury.**

That jurors were all residents of city constituting a large part of population of county does not prove any irregularity under Rev. Code 1919, § 5304, requiring list of jurors to be drawn from body of county.

**4.  Jury.**

Rev. Code 1919, § 5304, does not require that jury list shall be made up from all municipalities of county, or distributed in any particular way over different parts of county.

Note.—See, Headnote (1), American Key-Numbered Digest, Jury, Key-No. 120, 35 C. J. Sec. 422; (2) Jury, Key-No. 120, 35 C. J. Sec. 421; (3) Jury, Key-No. 47, 35 C. J. Sec. 216 (Anno); (4) Jury, Key-No. 47, 35 C. J. Sec. 216 (Anno).

Appeal from Municipal Court of Sioux Falls, Hon. Ransom L. Gibbs, Judge.

Action by Emma H. Harper against David L. Rundlett. Judgment for plaintiff, and defendant appeals. Affirmed.

*Robert F. Riemer,* of Sioux Falls, for Appellant.

*Frank G. McCormick* and *M. G. Luddy,* both of Sioux Falls, for Respondent.

MORIARTY, C. Appeal from a judgment of the municipal court of the city of Sioux Falls.

The only error assigned is that the court erred in denying appellant's motion to quash the entire panel of jurors called to serve at the September, 1924, term of said court. The motion to quash stated the following grounds: First, that the list of 60 names filed with the clerk of the trial court was made up entirely of residents of the city of Sioux Falls, instead of complying with the provision of section 5304, R. C., which provides that the list of names, from which the jurors to serve in municipal court shall be drawn, shall be a list of qualified jurors from the body of the county. Second, that the 24 names chosen to constitute the jury panel of said court for said term were all names of residents of the city of Sioux Falls, and is not a panel of jurors drawn according to law. Prior to the ruling upon this motion appellant offered no proof of any facts concerning the jury list or the manner in which the panel was actually selected from such list. After the court had denied the motion and 12 men had been drawn and sworn to serve as a trial jury, appellant's counsel asked that

the record show that each and every one of the 12 jurors was asked the question whether he was a resident of the city of Sioux Falls, and that each of said jurors answered, "Yes." Thereafter a verdict for respondent was directed by the court.

[1, 2] If there was any irregularity in the selection of the jury panel, the burden was upon appellant to show such irregularity in support of his motion to quash. He did not attempt to make any such proof. The mere statement, as a ground of his motion, that there were irregularities, would not justify the court in presuming that official duties were not properly performed.

[3, 4] The population of the city of Sioux Falls makes up a large part of the population of Minnehaha county, and the fact that the 12 men drawn as trial jurors were all residents of the city does not prove any irregularity. Nor does the statute require that the jury list shall be made up from all the municipalities of the county, or distributed in any particular way over different parts of the county.

The judgment appealed from is affirmed.

DILLON, J., not sitting.

CAMPBELL, J., concurs in the result.