BRODERSON, Respondent, v. SLAUGHTER, et al Appellants

(283 N. W. 470.)

(File No. 8124. Opinion filed December 30, 1938.)

378

H. A. *Doyle* and *Frank Biegelmeier,* both of Yankton, for Appellants.

O. S. *Eastvold,* of Yankton, for Respondent.

PER CURIAM. The motion to dismiss this appeal has been considered in the light of the contents of the settled record, and is denied.

The assignments assail an order of the trial court granting the plaintiff a new trial. The order reads in part as follows: "That the order of the court directing the clerk of the within court to issue a venire for twelve competent jurors and deliver the same to the sheriff of the within county to summon said jurors from the body of the county was flagrantly disregarded in that the jury was not drawn from the body of the county but was drawn from among the five precincts within the city of Yankton and restricted to said precincts in contravention of the law which prescribes how juries must be drawn."

■■ It appears from the record that although plaintiff made timely objection to the venire of jurors, he failed to adduce his proof. In the case of Harper v. Rundlett, 50 S. D. 451, 210 N. W. 744, it was said: "If there was any irregularity in the selection of the jury panel, the burden was upon appellant to show such irregularity in support of his motion to quash. He did not attempt to make any such proof. The mere statement, as a ground of his motion, that there were irregularities, would not justify the court in presuming that official duties were not properly performed."

█ It therefore follows that the order of the learned trial court must be reversed.

No costs will be taxed upon this appeal.

ROBERTS, P. J., and RUDOLPH, WARREN, and SMITH, JJ., concur.

POLLEY, J., dissents.