STATE, Respondent v. SNOFLY, Appellant

(192 N.W.2d 133)

(File No. 10878. Opinion filed December 2, 1971)

**David V. Vrooman,** Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WINANS, Judge.

The defendant, Snofly, was charged by information with the crimes of grand larceny and escape. The information filed was in two counts. Count 1 charged the defendant with escaping from the Jones County jail while being held prisoner there, and Count 2 contained the grand larceny charge. No question has been raised as to the joinder of the two crimes. The defendant was tried and was convicted on both counts and sentenced to a term of one year for escape and three years for grand larceny, the terms to run concurrently.

The defendant was incarcerated in the Jones County jail on a charge of public intoxication on the night of the 26th of January, 1970. He had been taken to the court on this charge sometime previous and given a jail sentence which he was serving, but it would appear there was no order delivered to the sheriff from the justice of the peace committing the defendant to jail. The sheriff discovered that defendant and his companion were both missing from the jail about 8:30 or 9:00 o'clock a. m. on January 27, 1970. About this time a Mr. Anderson reported his car was missing and gave the description of such car to the sheriff who made an auto theft report and put this information on the state police radio. The car was recovered January 29, 1970 at Norris, South Dakota. In the car when discovered were some small items of personal property identified by the sheriff as having been taken from the jail, together with a jacket identified as belonging to Snofly. The defendant was seen at the Pete Medicine Bear trailerhouse in Murdo early on the morning of January 27, 1970. The defendant and Joan Thin Elk left the trailer together in a car later identified as the missing car. The defendant who was the driver got out of the car at White River, South Dakota and Joan Thin Elk took it to Norris, then to Mission, and then back to Norris. When defendant left the car at White River he walked down-river. Mr.

Anderson testified that his automobile had been parked by his home on the night of January 26th, the keys left in the vehicle and the car left unlocked.

Present counsel on this appeal raises two questions of claimed error. Defendant's assignments of error are (1) the court erred in submitting the issue of guilt or innocence of grand larceny to the jury because the evidence at most showed only that the crime of unauthorized tampering may have been committed, and (2) the court erred in not dismissing the escape charge for the reason the defendant was being illegally detained by the sheriff at the time of the alleged escape.

We address ourselves to the grand larceny charge first. Actually the defendant's assignment of error is simply that the evidence was insufficient to sustain the charge of grand larceny though maybe couched in a little different language. We briefly discuss the procedural question. SDCL 23-50-2 states in pertinent part:

"**Grounds for new trial.** — The court in which a trial has been had upon an issue of fact may grant a new trial when a verdict or decision has been rendered against the defendant, by which his substantial rights have been prejudiced, in the following cases only:

\*        \*        \*        \*        \*        \*        \*        \*

(7) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;
\*   \*   \*  "

SDCL 23-51-3 provides:

"**Application for new trial not necessary for appellate review.** — An application for a new trial shall not be necessary as a prerequisite to obtain appellate review as to matters specified in subdivisions (5), (6), and (7) of § 23-50-2, and all of such matters may be reviewed on appeal from the judgment, regardless of whether a

motion for a new trial has been made, provided such matter has been submitted to the trial court as prescribed in § 23-51-18."

and SDCL 23-51-18 provides:

**"Matters presented by motion for directed verdict — Application for new trial unnecessary for review. —** Such of the matters specified in subdivisions (5), (6), and (7) of § 23-50-2 as may have been timely presented to the trial court by motion for directed verdict, or other apt motion, offer, objection, or exception may be reviewed on appeal from the judgment without necessity for an application for a new trial."

At the close of the State's case the defendant made a motion that the case against him for escape be dismissed, stating his reasons for such motion. Neither the motion nor the reasons given concerned the grand larceny charge. It would appear, therefore, based upon the statutes we have quoted, that the defendant is not in a position to question the sufficiency of the evidence to sustain a grand larceny charge. The right of appeal is statutory and does not exist in the absence of statute. State v. Davis, 77 S.D. 87, 86 N.W.2d 174. This court has also held that when at the close of the evidence on behalf of the State and again at the close of all evidence, defendant makes a motion to direct a verdict of acquittal which is denied, on appeal the correctness of the motion may be reviewed and the insufficiency of the evidence to justify the verdict is thus presented. State v. Nelson, 80 S.D. 574, 129 N.W.2d 54.

We also note from the settled record that the trial court instructed on the necessary elements to constitute the crime of grand larceny and also instructed on the unauthorized tampering statute, SDCL 32-4-4, as a lesser included offense of the offense of grand larceny of an automobile and that all of such instructions given by the court were without objection on the part of the defendant Snofly and that he proposed no additional instructions.

The verdicts, which were not excepted to, allowed the jury to bring in a verdict of guilty or not guilty to the grand larceny charge and if the not guilty verdict was brought in by the jury, the verdict provided for a guilty or not guilty verdict of the included offense of unauthorized tampering.

The issue on the escape is a narrow one. The defendant was charged with having on the 27th day of January, 1970, escaped from the Jones County jail contrary to SDCL 24-12-2 while being held as a prisoner. That section of the law, omitting the heading, provides in pertinent part: "Every prisoner confined in any prison other than the state penitentiary, or in the custody of any officer or person as a prisoner at any place, who escapes thereform is punishable by * * * ." SDCL 23-54-24 provides as follows: "When a judgment of imprisonment is entered, a certified copy thereof must be delivered to the sheriff or other officer, which is a sufficient warrant for its execution." The defendant maintains on this appeal that because the sheriff did not have a certified copy of the judgment of imprisonment or an order committing the defendant to jail, the sheriff had no legal basis for holding him, that he was free to leave and that his actions do not constitute escape.

In 27 Am.Jur.2d, under the heading "Escape, Prison Breaking and Rescue", § 7 at page 854, it is stated:

### "Legality of custody, generally.

While the definition of 'escape' and related offenses is usually drawn in terms of 'lawful' custody, and many courts have recognized that the crime of escape necessarily involves the leaving of 'lawful custody,' and that one charged with the crime of escape or similar offenses can defend by showing that the escaping prisoner was not 'lawfully' imprisoned at the time of the alleged escape, it has also been recognized that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which

he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus."

In 30A C.J.S. Escape § 5, p. 882, it is stated in the headnote:

"(2) Lawfulness of Custody

"It is an essential element of the crime of escape that the custody from which the prisoner escaped was lawful. While it has been held that it is not a crime to depart from custody for which there is no authority, a prisoner may not defy his guards and run away merely because his sentence is irregular or voidable."

The reading matter under the main heading, in part, states at page 883 of the same citation:

"Moreover, custody is not rendered unlawful because the prisoner has been arrested and confined without a warrant, on suspicion of a felony; or because of failure to comply with statutory formalities in arresting him, or because of a mere informality in process, such as the failure of a warrant to state the county in which an offense was committed, or because of the absence of a commitment, or because the warrant, of the existence of which the prisoner has been informed, is not in the possession of the arresting officer, &ast; &ast; &ast;."

In Whitaker v. Commonwealth, 188 Ky. 95, 221 S.W. 215, 10 A.L.R. 145 (Ct.App. 1920), the defendant argued that his jail confinement was not legal and he therefore had a right to escape. He claimed that he was practically dragged out of bed on a Sunday night, taken before the county judge who refused to hear him, and sentenced without trial. The court held that: "It was his duty to submit to the commitment until his status was changed or he was released in a proper manner. Ubi jus ibi remedium is a maxim of wholesome application. Whatever his rights, appellant had his legal remedy, and of this he should have availed himself. He was not authorized or justified in leaving the jail of

his own volition." Black's Law Dictionary, Revised Fourth Edition (West Publishing Co.), defines the above quoted maxim as "Where there is a right, there is a remedy. It is said that the rule of primitive law was the reverse: Where there is a remedy, there is a right."

For further reference material see 70 A.L.R.2d, page 1430, Annot., Justification For Escape; 96 A.L.R.2d, page 520, Annot., Escape or prison breach as affected by means employed.

In our case it appears the defendant was in jail for public intoxication having been committed there by the justice of the peace. The sheriff did not receive from him a certified copy of the judgment of commitment. Nevertheless, we think the imprisonment of the defendant was, at least, under color of law and he was not entitled to resort to self-help, but should have resorted to some other procedure, such as habeas corpus, to determine whether or not he was being illegally detained.

Affirmed.

BIEGELMEIER, P. J., and HANSON and WOLLMAN, JJ., concur.