STATE, Respondent v. PACHECO, Appellant

(211 N.W.2d 571)

(File No. 11251. Opinion filed October 24, 1973)

Michael A. Lyons, Sioux Falls, for defendant and appellant.

Kermit A. Sande, Atty. Gen., Walter W. Andre, Asst. Atty. Gen., Pierre, Gene Paul Kean, State's Atty., Sioux Falls, for plaintiff and respondent.

WINANS, Justice.

The defendant was tried and convicted in the Circuit Court of Minnehaha County on an information charging him with the crime of escape from the state penitentiary in violation of SDCL 24-12-1. He was subsequently sentenced to six months in the state penitentiary following the termination of the judgment and sentence for which he was serving at the time of his escape. He appeals.

The facts relevant to this appeal are virtually undisputed. On June 4, 1971, the defendant was sentenced in the Circuit Court of Bennett County to a term of five years in the state penitentiary after he entered a plea of guilty to the charge of burglary in the third degree. The defendant made his escape from the state penitentiary on or about July 14, 1972. At the time, he was a prison trusty. He was subsequently apprehended in Rapid City on or about August 5, 1972 and returned to the penitentiary.

In this appeal it is the defendant's contention that his escape from imprisonment was no crime because the state court that sentenced him to said imprisonment was without jurisdiction since he is an Indian and the crime for which he was sentenced was committed within the exterior boundaries of the Pine Ridge Indian Reservation.

We find no merit to this contention. In State v. Snofly, 1971, 86 S.D. 121, 192 N.W.2d 133, we held that where imprisonment is under "color of law," a prisoner is not entitled to resort to self-help to restore his freedom even though he may be able to show that the conviction leading to his imprisonment was faulty. Thus, if a prisoner has reason to believe that his imprisonment is unlawful, he must apply for his release through regular legal channels; he cannot test the propriety of his

confinement by forceably escaping from it. See Mullican v. United States, 1958, 5 Cir., 252 F.2d 398, and Flynn v. Stearns, 1958, 52 N.J. Super. 115, 145 A.2d 33.

█ In view of our holding in Snofly, supra, we find it unnecessary to consider whether or not the Bennett County Circuit Court lacked jurisdiction to sentence him to confinement in the state penitentiary. The defendant, having been confined pursuant to conviction in the circuit court, was imprisoned at least under "color of law". Accordingly, he could not successfully contend that his escape was no crime even if he could show that the sentencing court lacked jurisdiction.

Affirmed.

All the Judges concur.