STATE of South Dakota, Plaintiff
and Appellee,

v.

Brice E. CHRISTIANS, Defendant
and Appellant.

Nos. 14847, 14848.

Supreme Court of South Dakota.

Considered on Briefs Nov. 22, 1985.

Decided Jan. 15, 1986.

Grant Gormley, Chief Deputy Atty. Gen.,
Frank Geaghan, Asst. Atty. Gen., Pierre, on
brief, Mark V. Meierhenry, Atty. Gen.,
Pierre, for plaintiff and appellee.

William E. Coester, Milbank, for defend-
ant and appellant.

FOSHEIM, Chief Justice.

Brice E. Christians (Christians) was convicted in November, 1984, of second degree burglary. In December of 1984, he was convicted of escape. Penitentiary sentences of 30 months for burglary and 5 years for escape were imposed to run consecutively. Appeals from both convictions were consolidated. We affirm.

The burglary charge arose from Christians' attempt in late July of 1984 to intimidate a woman who had testified against him in an earlier criminal case for which Christians was incarcerated. Shortly after his release, he compelled the woman to stop her vehicle on a Milbank street because he wanted to "talk." When the woman tried to close the window, Christians broke it. After more "talking" he reached in, put the vehicle in park, took the keys and left. The woman used a second set of keys from her purse to operate the vehicle, whereupon she promptly notified the police. Christians was arrested and charged with second degree burglary. Bail was set at $10,000. A request for bail reduction was denied due to the prior offense and because the woman testified at the preliminary hearing that she was threatened during the course of the burglary.

The escape occurred in mid September while Christians was held in lieu of bail on the burglary charge. A radio dispatcher at the detention center heard a door squeak and saw someone leave. An inspection of the jail revealed that Christians was missing. He was arrested a few days later. Separate trials on the two offenses were held.

## I.

■ Christians first argues that he had insufficient time to prepare for the burgla-ry trial because he did not have the names of the jury panel until three days prior to trial. We disagree.

■ The initial jury list was ostensibly drawn pursuant to SDCL chapter 16–13.[1] By approximately June the list was limited to one-hundred persons to serve for the second half of the year. This list was then further reduced, by court order, to sixty and made available to counsel on November 5, 1984. The list of one-hundred, however, was available several months before trial. Consequently, Christians' concern with the jury list can only be that he was obliged to investigate forty potential jurors whose names did not appear on the final list.[2]

There were no material statutory violations in the selection of the jury panel. *Nebraska Electric Generation & Transmission Coop., Inc. v. Markus*, 90 S.D. 238, 244, 241 N.W.2d 142, 145–46 (1976). Irregularities must result in such misfeasance or malfeasance as would tend to deprive a person charged with a crime of a substantial right. SDCL 16–13–31; *State v. Smith*, 57 S.D. 292, 296, 232 N.W. 26, 27 (1930). In claiming irregularity in the selection of the jury panel, Christians has not met his burden of showing prejudice. *Markus*, 90 S.D. at 245, 241 N.W.2d at 146; *Broderson v. Slaughter*, 66 S.D. 377, 283 N.W. 470 (1938).

## II.

■ Christians moved for a change of venue. In support of this motion, he cited articles in the local newspaper. One article was headlined "Carried To Court Room On Stretcher, Christians Remains Unresponsive." The news item read in pertinent part:

1. No official record of the jury panel selection process apparently was entered. We therefore presume from the incomplete record that the trial court acted properly. *State v. Hall*, 272 N.W.2d 308 (1978).

2. The Clerk apparently did not produce the one-hundred person list when defense counsel re-quested juror names. She did, however, correctly inform him that the final list would be drawn when the proper authorities were present. Had he wanted the one-hundred person list, he should have requested it. Counsel were nevertheless provided questionnaires completed by each prospective juror.

Another dramatic episode in the case of Brice Christians, 22, jail escapee, took place in Circuit court here yesterday when the youth was carried into the court room on the third floor of the court house on a stretcher. Refusing to eat or drink or show any type of response, Christians was taken to St. Bernard Hospital on Monday. . . .

At the time of his jail escape he was scheduled for court appearances in Circuit court here and federal court in Aberdeen. The third degree burglary charge in Circuit court and the federal charge of retaliating against a witness resulted from the same incident. The theft charge resulted when Christians reportedly stopped a car driven by an Ortonville young woman, took the keys from her car and threatened her for witnessing against him. . . .

Shortly before the burglary trial, another news article appeared. It read in pertinent part:

Christians appeared last Tuesday before Bradshaw on the charge of escaping from jail and entered a plea of not guilty. The day for the jury trial on that matter was not set by the judge.

Christians complains in particular that the conclusory remarks in the articles were per se prejudicial to his right to a fair trial by an impartial jury in Grant County in violation of South Dakota Constitution article VI, section 7.

In *State v. Brandenburg*, 344 N.W.2d 702 (S.D.1984), we reaffirmed the standard applied to a change of venue motion:

A change of venue shall be ordered upon motion if the court is satisfied that there exists, in the county where the prosecution is pending, so great a prejudice against defendant that he cannot obtain a fair and impartial trial in that county. SDCL 23A–17–5. Generally, the law presumes that a defendant can receive a fair and impartial trial in the county in which the offense is committed. . . . The test is whether there is, in fact, prejudice in the minds of the county residents sufficient to raise a reasonable apprehension that

the accused will not receive a fair and impartial trial in that county. The burden of establishing that a fair and impartial trial cannot occur in such county is upon the applicant. Granting or refusing a change of venue involves the discretion of the trial court, and we will reverse that decision only upon a showing of discretion abuse. [Cites omitted.]

*Id.* at 704. In *State v. Wellner*, 318 N.W.2d 324 (S.D.1982), we held that when pretrial publicity is primarily factual and not inflammatory in nature, it is not prejudicial. *Id.* at 331. Unfortunately, the news article here did refer to Christians as a "jail escapee" as though he had been convicted. However, the news media did not specifically express an opinion concerning the guilt or innocence of Christians and Christians makes no claim that the pretrial coverage was otherwise inaccurate. *See State v. Reed*, 313 N.W.2d 788, 789 (S.D. 1981); *Wellner*, 318 N.W.2d at 331.

In affirming the conviction in *Wellner*, we also concluded that had the defendant exhausted his peremptory challenges with jurors still on the panel who had indicated a pretrial bias, followed by refusal of a motion to change the place of trial, the decision would have undoubtedly been different. *Wellner*, 318 N.W.2d at 331. Here, Christians likewise waived his final peremptory challenge and he did not renew his motion for change of venue after the jury was selected.

Accordingly, as in *Wellner*, we conclude that Christians has failed to meet his burden of showing that a fair and impartial trial could not occur in Grant County and that the trial court abused its discretion in denying a change of venue. *Wellner*, 318 N.W.2d at 331; *Brandenburg*, 344 N.W.2d at 704.

### III.

Christians argues that the trial court's refusal to reduce his bail was improper because of his established indigency. He contends that he should have been released after the burglary charge on personal recognizance or upon the execution of an

unsecured appearance bond under SDCL 23A–43–2, or, in the alternative, conditions to his release should have been imposed, under SDCL 23A–43–3 and –4, rather than a high dollar amount if the court felt that he might pose a danger to a person or the community.

 Pecuniary circumstances of the individual should be considered in determining the amount of bail, but are not controlling. *Langdeau v. State*, 85 S.D. 189, 191, 179 N.W.2d 121, 122 (1970). Many other factors are properly taken into consideration, including the danger that the defendant may pose to any other person or the community. SDCL 23A–43–4.[3] The nature and circumstances of the burglary charge, Christians' criminal record, and the alleged threat made to the victim support the trial court's decision to let bail stand at $10,000. Moreover, Christians' case history and general attitude rendered it questionable whether he would abide by any conditions imposed for release pending trial. Considering the factors present, the bond reduction denial appears entirely justified.

### IV.

 The next issue we must address is whether the trial court erred in sentencing Christians to consecutive sentences. Under SDCL 22–11A–2, a sentence for conviction for escape shall commence following the expiration of the term the prisoner was serving at the time of escape. Here, Christians contends he did not escape from a sentence of imprisonment, but rather from detention under color of law because he was indigent and unable to post the $10,000 bond. Accordingly, he requests that the consecutive sentence for escape be revised to run concurrently with the burglary sentence.

This issue was not preserved on appeal. *State v. Holter*, 340 N.W.2d 691, 692 (S.D. 1983). Christians did not, prior to appeal, raise any claim that his sentence was improper or illegal. Consequently, the trial court was not given the initial opportunity to amend the sentence. Moreover, we are unable to conclude that the court exceeded its authority or jurisdiction, *State v. Huftile*, 367 N.W.2d 193, 195–96 (S.D.1985), or that circumstances required to invoke the plain error doctrine are present. *State v. Brammer*, 304 N.W.2d 111, 114 (S.D.1981). The trial court is expressly granted authority to impose consecutive sentences under SDCL 22–6–6.1:[4]

If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the judgment or sentence was entered, the judgment or sentence may be that the imprisonment on the subsequent conviction may run concurrently with the imprisonment on any prior conviction or the imprisonment for the subsequent offense may commence at the expiration of the imprisonment upon any other offense.

It is well settled that when a sentence is imposed within statutory limits, the discretion exercised by the trial court in fixing it is generally not reviewable on appeal. *State v. Williams*, 84 S.D. 547, 555, 173 N.W.2d 889, 894 (1970). Further, we are unable to find the sentence constitutionally offensive. *State v. Weiker*, 342 N.W.2d 7, 10–11 (S.D.1983).

### V.

We have reviewed Christians' remaining claim concerning the sufficiency of evi-

---

3. SDCL 23A–43–4 provides:
 In determining which conditions of release will reasonably assure appearance, a committing magistrate or court shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings, and the risk he will flee or pose a danger to any person or to the community.

4. Our decision in *State v. Flittie*, 318 N.W.2d 346 (S.D.1982), is not controlling on this issue because SDCL 22–6–6.1, on which that case was decided, has since been amended.

dence to convict him on the burglary charge. This court must accept the evidence and the most favorable inferences which can be drawn therefrom to support the verdict and the verdict will not be set aside if the evidence and the inferences drawn therefrom sustain a rational theory of guilt. *State v. Faehnrich*, 359 N.W.2d 895, 900–01 (S.D.1984). When so reviewed, the verdict stands.

We likewise dismiss Christians' collateral argument that he was improperly charged with escape since he was not lawfully held at the time of his departure. Release from alleged unlawful incarceration is not a self-help procedure. *State v. Pacheco*, 87 S.D. 530, 531–32, 211 N.W.2d 571, 571–72 (1973). Christians was obliged to seek release through regular legal channels. *Id.* Consequently, escape was properly charged.

The judgment of conviction is affirmed.

All the Justices concur.

HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, participating.