**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Corey SHERIDAN, Defendant and Appellant.**

**No. 15046.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1986.

Decided April 2, 1986.

---

Dennis Groff, Pennington County State's Atty., Rapid City, and Mark V. Meierhenry, Atty. Gen., Pierre, for plaintiff and appellee.

Jane Loveland Doyle, Office of Public Defender for Pennington County, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

Corey Sheridan (Sheridan) plead guilty to third degree burglary and was sentenced as a first-time felon to forty-two months in the state penitentiary. He appeals from that sentence. We affirm.

On December 28, 1984, Sheridan and a companion feloniously entered a Rapid City school building. They extensively vandalized equipment, including a pop machine and safe. A stolen stereo system was later recovered when police officers followed their footsteps to a local house. Sheridan and his companion were arrested following fingerprint identification and citizens' reports that they had both talked of their participation in the crime.

Sheridan admitted only to entering the building to remove property and his guilty plea was accepted on that factual basis. A presentence report was received. The trial court focused on Sheridan's history of "run-ins with the law" and failure to become gainfully employed. Also, the high

dollar amount of damage to the school (approximately $5,000.00) was noted. Though Sheridan offered to make restitution, the trial court found that option to be futile. Defense counsel requested a suspended imposition of sentence "to protect [Sheridan's] future record." Credit was given for jail time served.

Sheridan argues that the sentence constituted an abuse of the trial court's discretion for a first-time felony conviction on third degree burglary. He further claims the sentence violates his Equal Protection rights.

■ A trial court may correct an illegal sentence within one year after imposition. SDCL § 23A–31–1. On motion, the court may also relieve a party from a final civil judgment for any reason justifying relief from its operation. SDCL § 15–6–60(b)(6). The provisions of SDCL Title 15, which lay the foundation for appellate review of alleged errors, are applicable to appeals in criminal cases. SDCL § 23A–32–14; *see also* SDCL § 23A–30–1.

■ No motions questioning the sentence were made. Sheridan did not take advantage of the opportunities provided by statute to present his claimed errors to the trial court prior to appeal. The trial court, therefore, was not given an opportunity to correct any illegal or improper sentence. In *State v. Holter*, 340 N.W.2d 691 (S.D. 1983), we said:

> This court has stated on numerous occasions that an issue not presented at the trial level will not be reviewed at the appellate level. The trial court must be given an opportunity to correct any claimed error before we will review it on appeal. *State v. Holt*, 334 N.W.2d 47 (S.D.1983); *State v. O'Connor*, 265 N.W.2d 709 (S.D.1978). Appellant did not at any time prior to this appeal raise a claim that his sentence was improper or illegal. Therefore, appellant's claim concerning his original sentence is not properly before this court.

*Id.* at 692. *See also State v. Christians,* 381 N.W.2d 214, 217 (S.D.1986); *State v. Mouttet,* 372 N.W.2d 121, 122 (S.D.1985).

■ Under the doctrine of plain error, SDCL § 23A–44–15, this court may notice defects affecting substantial rights although they were not brought to the attention of the trial court. To recognize the rule, however, is not to say that every error that occurs at trial rises to the level of plain error. It must be applied cautiously and only in exceptional circumstances. *State v. Brammer,* 304 N.W.2d 111, 114 (S.D.1981); *State v. White Mountain,* 332 N.W.2d 726, 728 (S.D.1983). Error cannot plainly be found from a sentence which is well within the ten year maximum penalty which SDCL § 22–6–1 authorizes for a class 4 felony.

We accordingly decline to hold that exceptional circumstances appear which rise to the level of plain error. *State v. Gallegos,* 316 N.W.2d 634, 637 (S.D.1982); *State v. Vogel,* 315 N.W.2d 321, 323 (S.D.1982).

Since the issues urged were not preserved on appeal and the sentence imposed by the trial court is not plainly erroneous, the judgment appealed from is affirmed.

MORGAN, and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENERSON, J., concurs specially.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (specially concurring).

As I comprehend appellant's brief and advocacy, he urges that a three and one-half year prison sentence violates the cruel and unusual punishment clauses of the State and Federal Constitutions. Under previous decisions of this Court, appellant believes his sentence, as a first-time felony offender, should shock the conscience of this Court per a line of old cases cited in my dissent in *State v. Helm,* 287 N.W.2d

497, 499 (S.D.1980),* and/or is dispropor-tionate to the crime.

Appellant specifically seeks harbor in my special writing in *State v. Janssen*, 371 N.W.2d 353, 356 (S.D.1985) (Henderson, J., concurring in result). Therefore, the reader is referred to that writing for particulars. To assert disproportionality, all trial counsel must, in the words of the old-timers, "root hog, or die!" In other words, counsel must dig, work, sweat, read, study, and produce statistics, criteria, history of cases, studies, court records, etc. *See Janssen*, 371 N.W.2d at 357. A foundation must be established, at the trial court level, for the appellate advocacy to come.

Pertaining to a "shocking of the conscience of the Court," I am simply not shocked in this scenario. First, appellant, although a first-time felony offender, has a bad track record in criminal activity as reflected by the DCI records. Second, appellant caused extensive damage to Dakota Junior High School in Rapid City at the (a) Administrative Office, (b) Ticket Office, (c) Room 112, (d) Room 118, (e) Kitchen, (f) Room 106, (g) West Hallway, and (h) Firedoors on floors 2, 3, and 4. Appellant and a compadre in crime burglarized a public institution and went on a rampage of destruction. Taxpayers and school children all suffered.

Therefore, although as a matter of principle, a sentence must be proportionate to the crime which the defendant has committed, and appellant's advocacy is correct in this regard, *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the foundation for review is deficient; and, although the sentence seems facially severe for a "first-time felony" offender, DCI records do reflect an alignment with criminal activities, so I concur in the sentencing length. Thus, I would affirm. As an old mountain remains standing, after a storm has laced it with lightning and crashed upon it with thunderous roar, I remain steadfast to the belief that a sentence will not—per se—survive constitutional scrutiny—simply because it is "within statutory limits." One day in prison could be disproportional punishment. *Solem v. Helm*, 463 U.S. at 287, 103 S.Ct. at 3008, 77 L.Ed.2d at 647.

* The *Helm* sentencing was reversed by the United States Supreme Court. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).