**Reid HOLIDAY, Petitioner and Appellant,**

v.

**Herman SOLEM, Warden of the South Dakota State Penitentiary, Respondent and Appellee.**

**No. 15099.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 12, 1986.

Decided April 2, 1986.

Thomas F. Burns of Gribbin, Burns & Eide Watertown, for petitioner and appellant.

Mark A. Moreno, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark v. Meierhenry, Atty. Gen. Pierre, on brief.

FOSHEIM, Chief Justice.

In March of 1982, Reid Holiday (Holiday) was convicted of first degree robbery and commission of a felony while armed with a firearm and was subsequently found an habitual offender.[1] He appealed the convictions to this court but the life sentence was not challenged. *See State v. Holiday,* 335 N.W.2d 332 (S.D.1983). We affirmed the convictions and remanded for a factual determination relative to a motion to suppress. *Id.* at 339. In January of 1984, he applied for a writ of habeas corpus. It was submitted to the trial court on stipulated facts and memorandum of law. A formal order denying the Writ was entered September 10, 1985. This appeal is from that Order. We affirm.

Holiday's prior criminal activity, beginning in 1970, includes several drug charges and convictions for assault with intent to commit robbery, possession of controlled substances (two), insufficient fund check, failure to appear, attempting to obtain a controlled substance through fraud, and driving while intoxicated.

Holiday recognizes the seriousness of his principal offense but feels a sentence

---

**1.** Holiday was sentenced under SDCL § 22-7-7 (one or two prior felony convictions) although SDCL § 22-7-8 (prior to 1984 amendment)

(three more felony convictions) could have been applied. A life sentence could have been imposed within the limits of either.

should not preclude giving him another chance, especially since long-term drug abuse is involved. He raises one issue on appeal, i.e., whether the life sentence without possibility of parole violates his rights under the Eighth Amendment of the United States Constitution and article VI, section twenty-three of the South Dakota Constitution following criteria set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem*, the United States Supreme Court established three objective criteria to be addressed when a sentence is reviewed under the Eighth Amendment. These criteria are: the gravity of the offense and the harshness of the penalty; sentences imposed on other criminals in the same jurisdiction, and sentences imposed for the same crime in other jurisdictions. *Id.* at 290–91, 103 S.Ct. at 3010, 77 L.Ed.2d at 649–50. In *State v. Weiker* (II), 366 N.W.2d 823, 827 (S.D.1985), we reviewed these criteria and held that all three must be reviewed in challenges to life sentences without parole.

Initially, we distinguish this case from *State v. Weiker* (I), 342 N.W.2d 7, 12 (S.D. 1983), and *Solem*, 463 U.S. at 302–03, 103 S.Ct. at 3016, 77 L.Ed.2d at 657, where life sentences were overturned. Holiday's principal offense was a crime of violence. He tied, blindfolded, and bludgeoned the burglary victim with a pistol. Neither Weiker nor Helm were convicted of violent principal offenses. Also, Holiday's class 2 felony was jumped one step to a class 1 felony by South Dakota's habitual offender statutes, SDCL ch. 22-7. In contrast, Weiker's crime was jumped from a class 4 to a class 1 felony (three steps). Helm's crime was elevated from a class 5 to a class 1 (four steps).

In recognition of these distinctions, we cannot find that the harshness of Holiday's sentence outweighs the gravity of his offense. The sentence was within statutory limits. SDCL § 22-6-1. Holiday has been convicted of one or more felonies in addition to the principal felony. SDCL § 22-7-7.

We have problems addressing the remaining *Solem* criteria. Holiday has provided an inadequate record on which we can compare his sentence to sentences imposed for similar crimes in South Dakota and other states.

Accordingly, Holiday has not met his burden and we cannot find the sentence disproportionate. *Weiker (II)*, 366 N.W.2d at 828; *see also State ex. rel Barnes v. Behan*, 81 S.D. 56, 131 N.W.2d 81 (1964), and *State ex. rel Parker v. Jameson*, 75 S.D. 196, 61 N.W.2d 832 (1953).

The trial court's denial of a writ of habeas corpus is affirmed.

MORGAN and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs specially.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

HENDERSON, Justice (specially concurring).

I specially concur. Proper foundation for disproportionality review was not established at the trial court level for appellate review. *See State v. Sheridan*, 383 N.W. 2d 865, 866–67 (S.D.1986) (Henderson, J., specially concurring); *State v. Janssen*, 371 N.W.2d 353, 356 (S.D.1985) (Henderson, J., concurring in result). Elaborating further, I wish to express the fact that the sentence was within statutory limits, does not shut the door on review.

It is hard to feel sorry for Holiday considering the gravity of his offense. Evidence presented at trial establishes that he and two other persons appeared one night at the home of a farmer who lived alone. Admission was gained to the home by telling the farmer that their car had broken down and they wished to use his phone. Once inside, Holiday pulled a gun on the farmer, bound him, blindfolded him, and ransacked the house. Holiday struck the farmer on the head several times, causing

the farmer to bleed profusely. Holiday's life is tarnished by other crimes of violence going back to a military conviction of assault with intent to commit robbery on December 21, 1970. Holiday was 30 years old when sentenced, but had a long history of violence and drug involvement.

Again, as I have previously pointed out in my special writings, defense counsel must note the three criteria set forth in *Solem*, then, counsel must proceed to root out statistics, data, and sentences imposed on other criminals in South Dakota, not to mention sentences imposed for the commission of the same crime in other jurisdictions. Granted, if a feller is a one-man practitioner in Pumpkin Center, he faces a Herculean task. Cream, however, even in Pumpkin Center, will rise to the top.