Timothy Sean CAFFREY, Petitioner and Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary, Respondent and Appellee.

No. 15305.

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1986.

Decided Feb. 4, 1987.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for petitioner and appellant.

Grant Gormley, Chief Deputy Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Mark A. Moreno of Schmidt, Schroyer, Colwill, Zinter & Barnett, P.C., Pierre, for amicus curiae, South Dakota State's Atty. Ass'n.

MORGAN, Justice.

Timothy Sean Caffrey (Caffrey) appeals from an order denying his application for a writ of habeas corpus. We affirm.

On November 2, 1981, a Bennett County jury found Caffrey guilty of first-degree murder. He was sentenced to life imprisonment. On December 9, 1981, Caffrey's court-appointed attorney, Stanley Whiting (Whiting) perfected an appeal to the Supreme Court. Two months later, Whiting was appointed state's attorney for Todd County, an unorganized county adjoining Bennett County. On September 9, 1982, Whiting presented Caffrey's oral argument to this court which reversed Caffrey's conviction and remanded for new trial. *State v. Caffrey,* 332 N.W.2d 269 (S.D.1983).

On June 21, 1983, Caffrey appeared before Judge Heck who advised him of Whiting's status as Todd County state's attorney and offered to appoint different counsel. Caffrey decided to have Whiting continue to represent him. Pursuant to a plea bargain, he then pled guilty to first-degree manslaughter. He was sentenced to life imprisonment. In 1986, Caffrey petitioned for a writ of habeas corpus claiming the existence of a conflict of interest between Whiting's duties as state's attorney in one county and defense attorney in another. The trial court denied the writ; this appeal followed.

Caffrey concedes that he is unable to show any specific evidence of conflict or prejudice arising from the fact that his defense attorney became the state's attorney in another county. Rather, he asserts that prejudice occurs as a matter of law when a state's attorney is appointed to represent a defendant in a criminal case in a neighboring county. Caffrey is asking this court to adopt a per se rule prohibiting a prosecutor from acting as defense counsel.

We considered this precise issue in *Starnes v. Erickson,* 85 S.D. 489, 186 N.W.2d 502 (1971). We recognized the ethical considerations and questions of constitutional rights involved where a state's attorney undertakes to act as a defense attorney and cautioned that "... it is doubtful that a court should appoint a lawyer who is state's attorney in another county of the state to represent an indigent defendant in a criminal proceeding." 85 S.D. at 499, 186 N.W.2d at 507. We also said, however, that

[w]e are not prepared at this time to state as a general proposition that there is inherently an actual conflict of interest in all situations in which a state's attorney acts as defense attorney in a criminal case in a state court outside his own county. We believe that these cases must be decided on an ad hoc basis in the light of the entire record.

85 S.D. at 498, 186 N.W.2d at 507.

We find no reason to deviate from the position set forth in *Starnes, supra.* Caffrey's complaint is theoretical, not factual. The status of his attorney and his right to a different attorney were explained to him by the trial court. It was Caffrey's decision to keep Whiting as counsel. Whether we view that decision as a waiver of any conflict of interest or as an attempt to build error into the record, Caffrey cannot now be heard to complain. Accordingly, we affirm the order denying Caffrey's application for a writ of habeas corpus.

WUEST, C.J., SABERS, J., and FOSHEIM, Retired Justice, concur.

HENDERSON, J., concurs specially.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

HENDERSON, Justice (specially concurring).

Although I concur with an affirmance of the lower court's decision, I would modify the *Starnes* appellate review test for the standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[*] and refined in *Jones v. State*, 353 N.W.2d 781, 784 (S.D. 1984):

[A] defendant must show: 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. The test for prejudice is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

This case is, essentially, an ineffective assistance of counsel case. It is crucial to a determination herein to quote from appellant's brief (page 4), for it illuminates the meritorious disposition of this case:

At the outset, petitioner [appellant] concedes that he is unable to show any specific instances of prejudice arising from the fact that his counsel was State's Attorney in an adjoining county.

Conclusion: No prejudice, no ineffective assistance of counsel, no reversal. Finis. However—

A question arises. May there be an imputation of "deficient performance" where a defense is interposed by the State's Attorney of a neighboring county? Or to beget even a more tender ethical/conflicting loyalties scenario: What type of a situation do we have where a plea bargain is reached between *two* State's Attorneys of adjoining counties? Our words in *Starnes*, as quoted in the majority opinion, take on a sensible trumpet of warning. Such situations should be avoided.

Before us, a very experienced, capable trial judge proceeded with great caution. The transcript of the arraignment reflects:

THE COURT: Mr. Caffrey, you may approach the bench with your counsel. Mr. Caffrey, the first thing I want to talk to you about is appointment of counsel. When this case began, the court appointed Mr. Stanley Whiting of Winner, South Dakota, as your attorney and that appointment has continued throughout the proceedings, however, in the meantime Mr. Whiting's firm was appointed to represent Todd County as a prosecuting attorney and the Supreme Court has a rule that the court cannot appoint an attorney who is a prosecuting attorney to represent an indigent person, however, Mr. Whiting was appointed as your counsel long before his firm undertook to be prosecuting attorney for Todd County, but I want to advise you that if you want another counsel appointed to represent you, the court would appoint another counsel since Mr. Whiting's firm is the prosecuting attorney for Todd County and wouldn't be authorized to be appointed if this were a new case. I just [sic] you to be made aware of that. If you're not satisfied with Mr. Whiting's representation or if you feel for any reason that you would want the court to appoint another counsel for you, the court would do so. What is your feeling about that, Mr. Caffrey?

MR. CAFFREY: Stick with him, I guess.

THE COURT: You understand that the court would appoint another counsel for you if that were your desire, do you understand that?

MR. CAFFREY: Yeah.

---

[*] It is only logical that we do so. *Starnes* did not just relate to conflict of interest, it also expressly referred to ineffective assistance of counsel. *See Starnes,* 85 S.D. at 494, 186 N.W.2d at 504.

This Court has cited *Strickland* in *State v. Anderson,* 387 N.W.2d 544, 546 (S.D.1986) (Henderson, J., specially concurring), and *State v. Dornbusch,* 384 N.W.2d 682, 686 (S.D.1986).

THE COURT: You want to continue with Mr. Whiting as your attorney, is that correct?

MR. CAFFREY: Yes.

How, then, after having been informed of the possible conflict, can appellant now complain? He has, on the record, knowingly, intelligently, and voluntarily waived his rights with respect to effective assistance of counsel. *See State v. Sheridan*, 383 N.W.2d 865 (S.D.1986); and *State v. Christians*, 381 N.W.2d 214 (S.D.1986).

Finally, appellant's advocacy rests on a presumed prejudice analysis. Boiled down in a legal beaker, this presumption is said to arise from an unconscious erosion of defense counsel's zeal. Thus, a per se rule is birthed prohibiting a prosecutor in one county from acting as defense counsel in another. *Accord: People v. Rhodes*, 12 Cal.3d 180, 115 Cal.Rptr. 235, 524 P.2d 363 (1974); *Castillo v. Estelle*, 504 F.2d 1243 (5th Cir.1974). A student might well peruse *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), which cases support this premise. However, after mulling these honorable authorities, one scholastically ventures back to *Strickland.*

There, in 1984, the Highest Court in our land expressed:

> Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."

*Strickland.* 466 U.S. at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696 (citation omitted). We are thus taught that this presumption of prejudice can only arise by an analysis of the facts in each case. Examining the facts here, I am left with an unswerving conclusion that no presumption attached; further, that there appears to be no *actual* conflict of interest; and, most importantly, there was absolutely no deficient performance demonstrated on Attorney Whiting's part. Thus, I join my Brothers in affirming the trial court's decision, albeit specially.